Citation Nr: 1101577 
Decision Date: 01/13/11 Archive Date: 01/20/11

DOCKET NO. 05-40 189 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Juan, the 
Commonwealth of Puerto Rico


THE ISSUES

1. Entitlement to service connection for chronic hypertension 
claimed as the result of Agent Orange exposure. 

2. Entitlement to service connection for chronic hypothyroidism 
claimed as the result of Agent Orange exposure. 

3. Entitlement to service connection for a chronic gastric ulcer 
disorder. 

4. Entitlement to service connection for a chronic acquired 
psychiatric disorder. 

5. Entitlement to service connection for chronic epilepsy 
claimed as the result of Agent Orange exposure. 

(The issues of whether new and material evidence has been 
received to reopen the Veteran's claim of entitlement to service 
connection for a duodenal ulcer disorder, and service connection 
for a chronic skin disorder to include dermatitis claimed as the 
result of Agent Orange exposure and a chronic skin disorder to 
include post-operative left arm and lower back sebaceous cyst 
residuals are the subjects of a separate decision by the Board of 
Veterans' Appeals.) 


REPRESENTATION

Appellant represented by: Kathy A. Lieberman, Attorney


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

J. T. Hutcheson, Counsel


INTRODUCTION

The Veteran had active service from May 1966 to April 1968. 

This matter came before the Board of Veterans' Appeals (Board) on 
appeal from an August 2004 rating decision of the San Juan, the 
Commonwealth of Puerto Rico, Regional Office (RO) which, in 
pertinent part, denied service connection for hypertension, 
hypothyroidism, a gastric ulcer disorder to include partial 
gastrectomy residuals, a psychiatric disorder, and epilepsy. In 
February 2008, the Board, in pertinent part, denied service 
connection for hypertension claimed as the result of Agent Orange 
exposure, hypothyroidism claimed as the result of Agent Orange 
exposure, a gastric ulcer, a psychiatric disorder, and epilepsy 
claimed as the result of Agent Orange exposure. The Veteran 
subsequently appealed to the United States Court of Appeals for 
Veterans Claims (Court). 

In August 2009, the Court granted the Parties' Joint Motion for 
Remand; vacated those portions of the February 2008 Board 
decision which denied service connection for hypertension claimed 
as the result of Agent Orange exposure, hypothyroidism claimed as 
the result of Agent Orange exposure, a gastric ulcer, a 
psychiatric disorder, and epilepsy claimed as the result of Agent 
Orange exposure; and remanded those issues to the Board for 
additional action. 

In October 2009, the Veteran appointed K. Lieberman, Attorney-at-
Law, to represent him before VA. However, the representation was 
limited to the issues that were remanded by the Court. The 
Veteran proceeds without representation on the other issues that 
are before the Board and those issues, therefore, are the subject 
of a separate decision. 

This appeal is REMANDED to the RO. The Department of Veterans 
Affairs (VA) will notify the Veteran if further action is 
required on his part. 


REMAND

In August 2009, the Court granted the Parties' Joint Motion for 
Remand and remanded the Veteran's claims of entitlement to 
service connection for hypertension claimed as the result of 
Agent Orange exposure, hypothyroidism claimed as the result of 
Agent Orange exposure, a gastric ulcer, a psychiatric disorder, 
and epilepsy claimed as the result of Agent Orange exposure to 
the Board for additional action as directed by the Joint Motion. 
The Joint Motion conveys that all documentation of record written 
in Spanish should be translated and the Board should request 
"additional outpatient treatment records for the Appellant for 
the years 2000 to 2002 from the VA medical facilities located in 
San Juan, Puerto Rico." The Board also notes that the Veteran 
reported in a July 2002 statement that he was hospitalized by VA 
for his ulcer disability in 1976 or 1977. 

All documentation of record has now been translated from Spanish 
into English. The cited VA clinical documentation has not been 
requested. Therefore, the Board has no discretion and must 
remand the instant appeal for compliance with the Court's August 
2009 Order granting the Parties' Joint Motion to Remand. See 
Stegall v. West, 11 Vet. App. 268, 271 (1998); see also Forcier 
v. Nicholson, 19 Vet. App. 414, 425 (2006) (holding that the duty 
to ensure compliance with the Court's order extends to the terms 
of the agreement struck by the Parties that forms the basis of 
the Joint Motion to Remand). 

The report of the Veteran's April 1968 physical examination for 
service separation states that he exhibited a blood pressure 
reading of 142/70 and his heart, vascular system, and abdominal 
area were found to be normal. A May 2010 written statement from 
A. A., M.D., conveys that the Veteran met the criteria for Stage 
I hypertension at his physical examination for service separation 
and "his subsequent treatment records indicate fluctuating 
hypertensive blood pressures with inconsistent diagnosis and 
treatment." Dr. A. concluded that the Veteran had 
"hypertension when he was discharged from service and that 
condition has continued to this day." 

The VA should obtain all relevant VA and private clinical 
documentation which could potentially be helpful in resolving the 
Veteran's claims. Murphy v. Derwinski, 1 Vet. App. 78, 81-82 
(1990); Bell v. Derwinski, 2 Vet. App. 611 (1992). 

The Veteran has not been afforded a VA examination for 
compensation purposes which addresses the nature and etiology of 
his chronic hypertension and ulcer disability. The VA's duty to 
assist includes, in appropriate cases, the duty to conduct a 
thorough and contemporaneous medical examination which is 
accurate and fully descriptive. McLendon v. Nicholson, 20 Vet. 
App. 79 (2006); Floyd v. Brown, 9 Vet. App. 88, 93 (1996); 
Ardison v. Brown, 6 Vet. App. 405, 407-08 (1994); Green v. 
Derwinski, 1 Vet. App. 121, 124 (1991). Given the apparent 
conflict in the clinical record, the Board finds that an 
additional VA evaluation would be helpful in resolving the issues 
raised by the instant appeal. 

Accordingly, the case is REMANDED for the following action:

1. Request copies of VA inpatient and 
outpatient treatment records pertaining to 
the Veteran that are dated in 1976 and 
1977. 

Associate with the claims folder copies of 
all VA clinical documentation pertaining to 
the Veteran's treatment from December 31, 
1999, to December 31, 2002, including that 
provided at the San Juan, the Commonwealth 
of Puerto Rico, VA medical facilities. 

Also associate with the claims folder VA 
clinical documentation pertaining to the 
Veteran's treatment from July 21, 2009. 

If no additional documentation is 
located, a written statement to that 
effect should be prepared and 
incorporated into the record. 

2. Then schedule the Veteran for a VA 
examination to address the current nature 
and etiology of his chronic hypertension. 
All indicated tests and studies should be 
accomplished and the findings then reported 
in detail. 

The examiner should advance an opinion as 
to whether it is more likely than not 
(i.e., probability greater than 50 
percent); at least as likely as not (i.e., 
probability of 50 percent); or less likely 
than not (i.e., probability less than 50 
percent) that the Veteran's chronic 
hypertension had its onset during active 
service or otherwise originated during 
active service. The examiner must provide 
a complete rationale for any opinion 
advanced. 

Send the claims folders to the examiner for 
review of pertinent documents therein. The 
examination report should specifically 
state that such a review was conducted. 

3. After step one is complete, schedule 
the Veteran for a VA examination to address 
the current nature and etiology of his 
chronic ulcer disability. All indicated 
tests and studies should be accomplished 
and the findings then reported in detail. 

The examiner should advance an opinion as 
to whether it is more likely than not 
(i.e., probability greater than 50 
percent); at least as likely as not (i.e., 
probability of 50 percent); or less likely 
than not (i.e., probability less than 50 
percent) that any identified chronic ulcer 
disorder had its onset during active 
service; is etiologically related to the 
Veteran's service in the Republic of 
Vietnam; or otherwise originated during 
active service. The examiner must provide 
a complete rationale for any opinion 
advanced. 

Send the claims folders to the examiner for 
review of pertinent documents therein. The 
examination report should specifically 
state that such a review was conducted. 

4. Then readjudicate the Veteran's 
entitlement to service connection for 
chronic hypertension claimed as the result 
of Agent Orange exposure, chronic 
hypothyroidism claimed as the result of 
Agent Orange exposure, a chronic gastric 
ulcer disorder, a chronic acquired 
psychiatric disorder, and chronic epilepsy 
claimed as the result of Agent Orange 
exposure. If the benefits sought on appeal 
remain denied, the Veteran and his attorney 
should be issued a supplemental statement 
of the case (SSOC) which addresses all 
relevant actions taken on the claims, to 
include a summary of the evidence and 
applicable law and regulations considered, 
since the issuance of the last SSOC. The 
Veteran should be given the opportunity to 
respond to the SSOC. 

The Veteran is free to submit additional evidence and argument 
while the case is in remand status. See Kutscherousky v. West, 
12 Vet. App. 369 (1999). 

The Veteran's appeal must be afforded expeditious treatment by 
the RO. The law requires that all claims that are remanded by 
the Board or by the Court for additional development or other 
appropriate action must be handled in an expeditious manner. See 
The Veterans' Benefits Improvements Act of 1994, Pub. L. No. 103-
446, § 302, 108 Stat. 4645, 4658 (1994), 38 U.S.C.A. § 5101 (West 
2002) (Historical and Statutory Notes). In addition, VBA's 
Adjudication Procedure Manual, M21-1, Part IV, directs the ROs to 
provide expeditious handling of all cases that have been remanded 
by the Board and the Court. See M21-1, Part IV, paras. 8.44-8.45 
and 38.02-38.03. 



_________________________________________________
S. S. TOTH
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the 
Board is appealable to the Court. This remand is in the nature 
of a preliminary order and does not constitute a decision of the 
Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) 
(2010).